**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA**

| KEVIN BRODLEY, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) CAUSE NO. 3:14-CV-1676-TLS |
| SUPERINTENDENT, | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Kevin Brodley, a pro se prisoner, filed a habeas corpus petition challenging the November 8, 2013, finding by the Miami Correctional Facility Disciplinary Hearing Body (DHB) in case number MCF 13-10-278 that he was guilty of possessing a weapon in violation of A-106. Brodley argues that there was insufficient evidence to find him guilty of that charge. Brodley did not appeal to the final reviewing authority,[1] but pursuant to 28 U.S.C. § 2254(b)(2), the court may dismiss a habeas corpus petition on the merits anyway.

In evaluating whether there is adequate evidence to support the findings of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455–56 (1985). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457.

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

---

[1] "[T]o exhaust a claim [in a prison disciplinary case], and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the . . . Final Reviewing Authority." *Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002).

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). Even a conduct report alone can provide evidence sufficient to support the finding of guilt. *Id.* Here the Conduct Report states:

> On the above date and time, I Officer R. Jones was assigned as the kitchen custody officer. I was contacted by phase 1 yard staff via radio requesting that I search the phase 1 dish tank for a weapon that was believed to be used in a physical altercation in chow hall #2. During my search I confiscated a metal rod that had been modified into a weapon. The weapon was located between the wall and the tray return area. I questioned offender Brodley, Kevin 856293 about the weapon. Brodley advised me he did not know anything about the weapon. Offender Brodley was assigned to the dish tank and it is his responsibility to keep his assigned area clean of all contraband in his area. I contacted the shift supervisor about the weapon. Offender Brodley was then escorted to SCU for violation of ADP code A-106/111 Possession of a dangerous or deadly weapon/ Conspiracy/Attempting/Abetting to commit a class A offense.

(ECF No. 1-1 at 5.)

Brodley argues that the inmate who was involved in the altercation in chow hall #2 submitted a statement saying that this was not his weapon and that he did not know Brodley. (ECF No. 1-1 at 10.) Accepting the truth of these assertions, they do nothing to benefit Brodley. Brodley was found with a weapon in his work area. It is irrelevant that it was not the weapon involved in the chow hall #2 incident. The fact that this was not the other inmate's weapon is not evidence that it was not Brodley's.

Brodley also argues that a review of the video did not show him holding the weapon. *See* ECF No. 1-1 at 4. However, to satisfy due process, there need only be "some evidence" in the record to support the disciplinary decision. *Hill*, 472 U.S. at 455. "This is a lenient standard, requiring no more than a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (citations and quotation marks omitted). Thus, finding the weapon in his work area was sufficient to find him guilty of having possessed the weapon. *See Hill*, 472 U.S. at 456–57

(disciplinary action supported when inmate was one of three seen fleeing from scene of assault even when victim denied fellow inmates had assaulted him); *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action).

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED pursuant to Section 2254 Habeas Corpus Rule 4.

SO ORDERED on July 9, 2014.

                                                  s/ Theresa L. Springmann
                                                  THERESA L. SPRINGMANN
                                                  UNITED STATES DISTRICT COURT
                                                  FORT WAYNE DIVISION